In the Matter of BULK TRANSPORT, INC., Debtor.

BULK TRANSPORT, INC., Plaintiff,

v.

UNITED STATES of America, Internal Revenue Service, Defendant.

Bankruptcy No. 80–00708.
Complaint Nos. 80–0110, 81–0055.

United States Bankruptcy Court,
E. D. Louisiana.

Dec. 29, 1981.

Herman C. Hoffmann, Jr. and Anita M. Warner, New Orleans, La., for debtor.

John Volz, U.S. Atty. E.D. La., New Orleans, La., Steven Gremminger, Atty., Tax Div., Dept. of Justice, Washington, D.C., for defendant.

FINDINGS OF FACT

CONCLUSIONS OF LAW

T.H. KINGSMILL, Bankruptcy Judge.

This matter was brought before the Court for hearing after due notice. The same set of facts and issues are involved in two adversary proceedings brought by the debtor, Bulk Transport, Inc.

The debtor-in-possession is seeking to recover a payment of $85,848.43 made to the defendant after the filing of a Chapter 11 proceeding.

Considering the arguments of counsel, the testimony, the evidence, and the law, the Court makes the following Findings of Fact and Conclusions of Law which shall be deemed equally applicable to all proceedings herein.

FINDINGS OF FACT

The facts in this matter are simple in nature and generally not disputed. The plaintiff was indebted to the defendant in a substantial sum growing out of employment taxes withheld by plaintiff from wages of its employees.

On May 13, 1980 plaintiff, in Proceeding No. 80–00708, asked for relief under Chapter 11 of the Bankruptcy Code. The defendant was aware of the filing at the time its agent made demand upon plaintiff on May 14, 1980. The president of the debtor-in-possession, Alfred R. Gugliemo, consulted his counsel and was advised to pay the sum of $85,848.43 which it did.

The issue for determination is whether this payment made to the defendant after the filing of the Chapter 11 proceeding on a pre-petition obligation was illegal and contra to the provisions of the Bankruptcy Code and specifically 11 U.S.C. Section 362.

Prior to the trial, the defendant filed a motion to dismiss and also a motion for summary judgment which were denied.

The Court takes cognizance of the pleadings filed in both the bankruptcy proceeding, No. 80–00708, and the adversary proceedings, No. 80–0110 and No. 81–0055. Attached to the defendant's motion for summary judgment (Pleading No. 11 in Complaint No. 80–0110) is an affidavit by L.C. Newman, a revenue officer with the Internal Revenue Service, which accurately sets forth in detail the chronology of events between the parties.

The funds paid to the defendant on May 14, 1980 come from general funds of the debtor-in-possession and not from a special trust fund in favor of the defendant.

The defendant takes the position that the funds it received on May 14, 1980 were its funds under a presumption theory that the only funds the plaintiff had on hand at the time of the filing of the Chapter 11 proceeding were employees withholding taxes held by the debtor in trust for the defendant.

Even though much has been written about preferential payments, the question of a preference is not an issue herein.

The Court finds that the sum of $85,848.43 was property of the debtor-in-possession and not trust funds of the defendant. It further finds that such funds were subject to disbursement upon the order of the Court and in accordance with the priorities set forth in the Bankruptcy Code.

The action of the defendant's agent was in direct violation of the automatic stay provision of 11 U.S.C. Section 362.

The payment to the defendant was an unauthorized, illegal payment without Court authority.

## CONCLUSIONS OF LAW

1. The defendant violated the automatic stay provision of 11 U.S.C. Section 362(a)(3).

2. The payment or transfer of the sum of $85,848.43 was subject to avoidance by the debtor-in-possession under the provision of 11 U.S.C. Section 549 which provides:

"§ 549. Postpetition transactions.

(a) Except as provided in subsections (b) and (c) of this section, the trustee may avoid a transfer of property of the estate—

(1) that occurs after the commencement of the case;

(2)(A) . . .

(B) that is not authorized under this title or by the court."

3. The Court rejects the defendant's contention of ownership of the funds in question under its trust fund theory. *United States v. Randall*, 401 U.S. 513, 91 S.Ct. 991, 28 L.Ed.2d 273 (1973).

4. The $85,848.43 was the property of the debtor-in-possession and subject to disbursement upon the authorization of the Court and in accordance with the priorities of the Bankruptcy Code.

Accordingly a judgment will be entered in favor of the plaintiff and against the defendant avoiding the transfer of funds to the defendant and directing that the sum of $85,848.43 be returned to the plaintiff by the defendant.